United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CMS SECURITY, INC., et al.,<br><br>    Plaintiffs,<br>  v.<br><br>THE BURLINGTON INSURANCE COMPANY,<br><br>    Defendant                  / | Lead Case No. C-09-2216 MMC<br>Case No. C-09-2217 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

     Before the Court is defendant The Burlington Insurance Company's ("TBIC") Motion for Summary Judgment, filed January 13, 2010. Plaintiffs CMS Security, Inc. ("CMS") and Everal Thompson ("Thompson") have filed opposition; TBIC has replied and CMS and Thompson have filed a surreply.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

     The instant consolidated action consists of two complaints, each filed jointly by CMS and Thompson against TBIC. As discussed in the parties' respective filings, each claim

---

[1] Civil Local Rule 7-3(d) provides that, with one exception not applicable in this instance, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." See Civil L.R. 7-3(d). CMS and Thompson did not seek court approval before filing their surreply. Accordingly, TBIC's motion to strike the surreply is hereby GRANTED. The Court notes, however, that consideration of the surreply would not affect the result reached herein.

[2] By order filed February 17, 2010, the Court took the matter under submission.

alleged by CMS and Thompson herein is dependent on a finding that TBIC, as the issuer of a commercial general liability policy to CMS, had a duty to defend CMS, Thompson, and/or CMS employee Ruben Amadeo Cerda, III ("Cerda") in an action filed in state court by Joseph Creitz ("Creitz").[3]

In the underlying action, Creitz alleged that he incurred injuries as he was leaving Slide, a bar in San Francisco.[4] Creitz's claims, in essence, were based on three theories: (1) Cerda, along with an employee of Slide, committed a battery by using force to both preclude Creitz from using the front door to exit the bar and to require Creitz to walk toward another exit, as well as by pushing Creitz out the other exit and, ultimately, by beating Creitz as he lay on the sidewalk outside of the bar; (2) Cerda, along with the above-referenced employee of Slide, falsely imprisoned Creitz by not allowing Creitz to exit Slide by the front door; and (3) CMS and Thompson negligently hired and supervised Cerda.[5] (See Clerides Decl., filed January 29, 2010, Ex. G.)

The Court finds, for the reasons discussed below, that TBIC has shown there is no potential for coverage under the subject policy, and, accordingly, that TBIC is entitled to summary judgment in its favor.

**A. Battery**

To the extent Creitz's claims were based on an allegation of battery, the Court finds, for the reasons stated by TBIC, coverage for the underlying action was not available. Specifically, even assuming the alleged injuries incurred by Creitz were the result of an "occurrence," which the subject policy defines as an "accident" (see Compl., Case No. 09-

---

[3] In their opposition to the instant motion, CMS and Thompson state that a settlement with Creitz was reached in December 2008. No details as to the nature of the settlement have been submitted.

[4] CMS provided security services for Slide; Thompson is CMS's principal.

[5] In addition to alleging claims for battery, false imprisonment, and negligence, Creitz also alleged a claim for intentional infliction of emotional distress and a claim under § 17200 of the California Business & Professions Code. Because, as pleaded by Creitz, the latter two claims were wholly derivative in nature of one or more of the former claims, the Court has not addressed them separately.

2216 MMC, Ex. A (hereinafter "Policy") at BG-G-446 0203, CG 00 01 10 01 at 14), the Policy, as TBIC points out, excludes from coverage claims for injury "arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault and battery" (see Policy at BG-G-042 0203).

Contrary to CMS and Thompson's argument, the subject exclusion is "conspicuous," and the language of the exclusion is "plain and clear." See Ponder v. Blue Cross, 145 Cal. App. 3d 709, 719 (1983) (holding exclusion clause, to be enforceable, must be "conspicuous" and "language of the exclusion must be plain and clear") (emphasis in original). The subject exclusion is "conspicuous" because (1) the two-page summary of the endorsements, titled Listing of Forms and Endorsements, states that there exists in the Policy an "exclusion" titled "assault or battery," identifies the number of the endorsement, and states such exclusion changes the Policy (see Policy at IFG-I-0150 0303-04), (2) the page on which the subject exclusion is set forth is titled "Exclusion - Assault or Battery," which title is set off in bolded typeface and is considerably larger than any other text on the page (see Policy at BG-G-042 0203), and (3) the subject exclusion is set forth on a page on which only that exclusion is described (see id.), i.e., the subject exclusion is not buried amid language discussing other terms of the Policy. See Ponder, 145 Cal. App. 3d at 719 (holding exclusionary clause is "conspicuous" where it is "positioned in a place and printed in a form which would attract a reader's attention"); cf., e.g., Haynes v. Farmers Ins. Exchange, 32 Cal. 4th 1198, 1206-11 (2004) (finding "permissive use" exclusion not "conspicuous," where "declarations page [did] not reveal the subject matter or substance" of exclusion and did not state exclusion amended policy, and where exclusion was "surrounded by language that [had] nothing to do with exclusions or limitations on coverage" and was not disclosed in manner that would "attract a reader's attention").

Further, the language of the subject exclusion plainly, clearly, and concisely describes what is excluded; specifically, the policy states it does not apply to any injury arising out of an assault or battery or out of any act or omission taken to prevent or suppress an assault or battery. See Ponder, 145 Cal. App. 3d at 719 (holding language of

1 exclusion clause is "plain and clear" where "substance of the exclusion" is "stated in words that convey the proper meaning to persons expected to read the contract"); cf., e.g., Haynes, 32 Cal. 4th at 1211-12 (finding "permissive use" exclusion not stated in plain and clear language, where term "permissive use" was "nowhere defined, neither in the policy nor the endorsement, for the average lay reader" and was not written in "non-technical easy-to-read style").

**B. False Imprisonment**

To the extent Creitz's claims were based on an allegation of false imprisonment, the Court finds, for the reasons stated by TBIC, coverage for the underlying action was not available. Specifically, assuming the injuries claimed by Cerda were the result of an accident, the policy excludes from coverage "'bodily injury' arising out of 'personal and advertising injury'" (see Compl., Case No. 09-2216 MMC, Ex. A at CG 00 01 10 01 at 2, 5), which the policy defines as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses . . . [f]alse arrest, detention or imprisonment" (see id. at CG 00 01 10 01 at 14).[6]

**C. Negligence**

To the extent Creitz's claims were based on an allegation of negligent hiring and/or supervision,[7] the Court finds, for the reasons stated by TBIC, coverage for the underlying action was not available. Specifically, where, as here, no coverage is available for claims arising from the acts or omissions of an individual, coverage is not available for a claim that an employer negligently hired or supervised such individual. See, e.g., Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co., 42 Cal. App. 4th 121, 127-28 (1996) (holding claim against employer for negligent hiring, supervision and retention of

---

[6]CMS and Thompson do not argue the exclusion for injuries arising out of false imprisonment is not conspicuous, or that the language of such exclusion is not plain and clear.

[7]Creitz's negligence claim was not alleged against Cerda, but only against CMS and Thompson in their capacity as Cerda's employer. (See, e.g., Clerides Decl., filed January 29, 2010, Ex. G ¶¶ 40 (alleging CMS and Thompson "negligently failed to properly train and supervise their employees, including but not limited to Cerda").)

4

employee who allegedly committed battery was barred by exclusion of coverage for claims "based on assault and battery"); Continental Cas. Co. v. City of Richmond, 763 F.2d 1076, 1078-81 (9th Cir. 1985) (applying California law; holding claim against employer for negligent failure to train and supervisor officers who detained and allegedly used excessive force against decedent was barred by exclusion of coverage for claims "arising directly or consequentially from false arrest [or] assault or battery").

**CONCLUSION**

For the reasons discussed above, TBIC's motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: February 23, 2010

_____
MAXINE M. CHESNEY
United States District Judge